### The Bank of Auburn *vs.* Walter and others.

In an action upon a promissory note, against the maker and indorsers, an indorser is a competent witness for his co-defendants, to prove usury in the note.

APPEAL from a judgment entered upon the report of a referee. The action was upon a promissory note for $1000, executed by the defendant Walter and indorsed by the defendant Charles A. Wheaton, the payee, and also by Horace Wheaton, the other defendant. The answer of the defendants admitted the execution of the note, but alleged that it was made to raise money on; and that the plaintiff discounted it at a usurious rate of interest, and received, over and above seven per cent on said note, the sum of thirty-three dollars and thirty-three cents. The action was referred to a referee, for trial. On the hearing before him, the defendants called their co-defendant, Horace Wheaton, as a witness. The defendants proposed to prove the usury, by him. The plaintiff objected to this testimony, on the ground that the witness being a party, was not competent to answer the question, and because the proposed joint defense must be for his own benefit. The referee sustained the objection, and the counsel for the defendants excepted to such decision.

The referee reported in favor of the plaintiff for the amount of the note, with interest; and judgment being entered upon the report, the defendants appealed.

*Underwood, Cox & Avery,* for the plaintiff.

*Sheldon & Brown,* for the defendants.

· *By the Court,* E. DARWIN SMITH, J.    The contract of the maker and indorser of a promissory note or bill of exchange is several, and not joint.    Actions were always brought against them separately, before the passage of the act of April 25, 1832, entitled "an act regulating suits on bills of exchange and promissory notes." (*Laws of* 1832, *ch.* 276.)    By the first section of that act it was made lawful, "instead of bringing separate suits against the drawers, makers, indorsers and acceptors of such bill or note, to include all or any of the said parties to the bill or note in one action, and to proceed to judgment and execution in the same manner as though all the defendants were joint contractors.    The rights of the several defendants or parties to the bill or note, in any suit brought in pursuance of the provisions of said act, were not affected thereby, (§ 7,) and judgment might be rendered in favor of some of the defendants against others, (§ 4;) and any one or more of the defendants were to be entitled to the testimony of any co-defendant as a witness, in all those cases where the defendant or defendants calling the witness would have been entitled to his testimony, had the suit been brought in the form theretofore used. (§ 9.)    The only restraint upon the right of any party to a bill or note to call any other party, not a joint contractor with him, as a witness, in any suit upon such bill or note, after as well as before the passage of this act, was the question of *interest.* That objection might in most cases have been obviated by a release or indemnity.    This necessity and objection are now swept away by section 393 of the code, which declares that "no person offered as a witness shall be excluded by reason of his interest in the event of the suit."    But this section does not apply to a party to the action.    Section 397 was

Bank of Auburn *v.* Walter.

therefore necessary to carry out the principle of section 398, that no person shall be excluded from being a witness by reason of his interest in the event of the suit. That section provides that "a party may be examined in behalf of his co-plaintiff or of a co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment can be rendered." This carries out and re-enacts the precise rule of the act of 1832 in relation to makers and indorsers of bills of exchange and promissory notes, and was doubtless chiefly designed for that purpose, in connection with the purpose above mentioned, of giving full effect to section 398. Section 120 of the code retains the provision of the act of 1832 in respect to the right to include all the parties to bills of exchange and promissory notes in one action, at the option of the plaintiff; but the legislature clearly did not intend to take away the right of makers and indorsers to use each other as witnesses, as before and after the passage of the act of 1832. The policy of the code was to liberalize and enlarge the rules in regard to the admissibility of witnesses, not to restrict them to narrower limits. The interpretation which the referee must have made, in this case, of section 397 is in conflict with this policy. It makes that section practically repeal the rule in regard to admissibility of makers and indorsers as it always existed at common law, and as it was recognized in the act of 1832, and was constantly applied under that act before the passage of the code. The defendant Horace Wheaton was clearly a competent witness for his co-defendant. His testimony could not be used for his own benefit, and the plaintiff might have had a separate judgment against him, although his evidence had made out a perfect defense for the other defendants. This brings the case within the precise language of section 397. The judgment should be reversed and a new trial ordered.

Judgment reversed.

[MONROE GENERAL TERM, December 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]